IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Neonatal Product Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Janice M. Shields and Paul W. Shields, | ) | |
| Individually and as Trustees of the Shields | ) | |
| Family Trust Dated August 19, 2010, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Case No. 13-2601-DDC |
| Janice M. Shields and Paul W. Shields, | ) | |
| Individually and as Trustees of the Shields | ) | |
| Family Trust Dated August 19, 2010, and | ) | |
| Angele Innovations, LLC, | ) | |
| | ) | |
| Counterclaimaints, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Neonatal Product Group, Inc., | ) | |
| Creche Innovations, LLC, | ) | |
| Millennium Marketing Group, Ltd., and | ) | |
| Scott A. Norman, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Neonatal Product Group's Motion for Leave to Amend Complaint (ECF No. 43). Neonatal seeks leave to amend its complaint to correct deficiencies in its declaratory cause of action for patent invalidity. Neonatal also seeks to assert its claim for declaratory relief against the apparent current owner of the patent-in-suit, Angele Innovations, LLC, which assumed ownership after Neonatal had filed this case and which is already a party to this litigation. Defendants Janice M. Shields and Paul W. Shields (collectively "the Shields"), oppose the amendment as to Neonatal's claim of patent invalidity. They argue the

claim is barred because it should have been, but was not, asserted as a compulsory counterclaim in Neonatal's answer to the affirmative claims for relief asserted by the Shields and Angele Innovations. The Shields also argue that Neonatal's proposed count two duplicates an affirmative defense and is therefore unnecessary and improper. Finally, the Shields argue Neonatal delayed in seeking leave to amend. For the reasons stated below, the court finds the Shields have failed to establish that the amendments are futile or that Neonatal unduly delayed in seeking leave to amend. For these reasons, the court grants Neonatal leave to file its amended complaint.

### I. Background

On November 25, 2013, Neonatal filed this action seeking declaratory judgment that certain products it makes and sells to care for newborns in hospital neonatal units do not infringe on U.S. Patent No. 6,417,498 (the '498 patent) and that the patent is invalid because it does not meet the conditions of patentability. The Shields are the inventors of the patent-in-suit. They filed a motion to dismiss, asserting—among other things—that Neonatal had not sufficiently pled its claims. The district judge held that Neonatal's claim of non-infringement stated a claim but that Neonatal's claim of patent invalidity did not. Neonatal had alleged the patent is invalid "for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103 and/or for failure to comply with the provisions of 35 U.S.C. § 112."[1] The district judge found this allegation amounted to pure legal conclusion because it included no information explaining why the patent is allegedly invalid.[2] The court dismissed the invalidity claim but stated that Neonatal could seek leave to file an amended pleading that cured the shortcomings.[3]

---

[1] Compl. at ¶ 35, ECF No. 1

[2] *See* Mem. and Order at 19, ECF No. 28.

[3] *Id.* at 19-20.

Subsequently, the Shields filed an answer to Neonatal's complaint, which also includes affirmative claims asserted by the Shields and Angele Innovations against Neonatal, Creche Innovations, LLC, Millennium Marketing Group, Ltd., and Scott A. Norman (the president of Millennium Marketing Group, president and director of Neonatal, and the registered agent for Creche Innovations).[4] The Shields and Angele Innovations assert a claim of patent infringement. When Neonatal replied to the counterclaims, it asserted the affirmative defense of patent invalidity, but it did not assert any additional affirmative claims in that pleading.[5]

## II. Discussion

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. At this juncture of the case, Neonatal may amend its complaint by consent of the opposing party or by leave of the court.[6] When leave of the court is required, the court may refuse to grant leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] Leave should freely be given when justice requires.[8] Here, the Shields oppose the amendment on the grounds of futility and undue delay.

### A. Futility

The court may deny a motion to amend on the basis of futility "if the 'amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be

---

[4] *See generally* Answer and Countercls., ECF No. 30.

[5] *See* Neonatal Product Group, Inc.'s Answer at 13-14, ECF No. 35.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[8] Fed. R. Civ. P. 15(a)(2).

granted.'"[9] The party opposing the proposed amendment bears the burden of establishing its futility.[10] Here, the Shields argue that Neonatal was required to assert its patent invalidity claim in its reply to the Shields' counterclaims. Because it did not, the Shields contend the claim is barred. In certain circumstances, some courts have permitted counterclaims in reply to a defending party's counterclaims.[11] However, others have found this practice procedurally inappropriate and have called for the plaintiff to amend the complaint to assert any additional affirmative claims for relief.[12]

Fed. R. Civ. P. 13 governs counterclaims and crossclaims. The rule does not specifically address counterclaims-in-reply. Rather, Rule 13(a) simply requires a defending party to plead a counterclaim that "arises out of the transaction or occurrence that is the subject of the opposing party's claim" and that "does not require adding another party over whom the court cannot acquire jurisdiction." The compulsory counterclaim rule is based on the principles of *res judicata*.[13] Although the Shields cite one case in which the court barred a compulsory counterclaim not originally asserted in the answer,[14] generally, there is no bar against allowing

---

[9] *Wenner v. Bank of Am., NA*, 637 F. Supp. 2d 944, 950 (D. Kan. 2009) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)).

[10] *Boykin v. CFS Enter., Inc.*, No. 08-2249-CM-GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008).

[11] *See Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007) (discussing the practice of asserting counterclaims-in-reply and the approaches taken by the federal courts and citing cases).

[12] *See id.*; *Old Town Indus., Inc. v. Ryan*, No. 09-cv-02587-WDM-DW, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (holding that a plaintiff must move for leave to amend its complaint to assert additional claims against defendant rather than attempting to assert the claims as counterclaims to counterclaims).

[13] *See Raytheon Aircraft Credit Corp. v. Pal Air Int'l Inc.*, 923 F. Supp. 1408, 1418 (D. Kan. 1996) (citing 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1417 (2d ed. 1990)).

[14] *See Wood v. LP Conversations, Inc.*, No. 14-2228-CM, 2014 WL 7359406, at *1 (D. Kan. Dec. 23, 2014).

omitted compulsory counterclaims when an earlier action—much less the same action—is still ongoing.[15]

Prior to the 2009 amendments to the Federal Rules of Civil Procedure, Rule 13(f) governed omitted counterclaims. That subsection provided for the filing of an omitted counterclaim in cases of "oversight, inadvertence, or excusable neglect, or when justice requires."[16] This district has previously applied Rule 13(f) to omitted compulsory counterclaims.[17] The Civil Rules Advisory Committee of the Judicial Conference recommended this section be deleted because it was redundant and already governed by Rule 15.[18] In other words, the intention was not to bar omitted counterclaims for failure to originally assert them but rather, to make clear that Rule 15 governed all amendments to the pleadings. The advisory committee's notes to Rule 13 further state, "If the action proceeds to judgment without the interpositions of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."[19] Again, the intent is to bar unasserted claims that a party should have asserted in a prior action that proceeded to judgment—not to bar the claims from being asserted in the same litigation.

---

[15] *See Raytheon Aircraft Credit Corp.*, 923 F. Supp. at 1418 (stating that the court had not found any case barring omitted compulsory counterclaims where the earlier action was still ongoing and noting that a party who had failed to plead a counterclaim may obtain leave to do so when the interests of justice require).

[16] Fed. R. Civ. P. 13(f) (2008) (abrogated).

[17] *See, e.g., Raytheon Aircraft Co. v. United States*, 532 F. Supp. 2d 1316, 1318 (D. Kan. Feb. 8, 2008) ("Even if the court were convinced by Raytheon's arguments that the counterclaim should be deemed compulsory, the court would exercise its discretion and permit the United States to assert the claim at this juncture pursuant to Federal Rule of Civil Procedure 13(f)."); *Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, 191 F. Supp. 1209, 1226-27 (D. Kan. Feb. 14, 2002) (applying Rule 13(f) to a proposed motion to amend to assert a compulsory counterclaim).

[18] Fed. R. Civ. P. 13(f) advisory committee's note to the 2009 amendment.

[19] Fed. R. Civ. P. 13 advisory committee's note to the 1937 adoption (citing cases).

This is not the case here. Given the procedural history of this case and somewhat conflicting case law regarding the appropriateness of pleading counterclaims-in-reply, the court is not convinced that Neonatal was required to have pled its patent invalidity claim as a counterclaim asserted in reply to the Shields' counterclaims. Neonatal originally asserted the patent invalidity claim in its complaint. Although the district judge dismissed the claim, his order expressly contemplates that Neonatal may seek leave to amend to cure the claim's deficiencies. Even assuming *arguendo* that Neonatal was required to assert the patent invalidly claim as a compulsory counterclaim, the court retains discretion to consider whether to permit Neonatal leave to amend to assert this claim. As previously stated, the rules governing compulsory counterclaims are primarily aimed at precluding these claims from being raised in subsequent litigation, not in the litigation at hand. To that end, the rule does not apply to bar the patent invalidity claim in this case.

The Shields separately suggest that Neonatal's patent infringement claim is improper because Neonatal has already raised this issue as an affirmative defense to the claim of patent infringement asserted against Neonatal. The Shields cite a handful of cases in which courts have declined to entertain declaratory judgment actions on issues already pled as affirmative defenses because the court would already reach those issues.[20] In particular, they rely on Chief Judge J. Thomas Marten's opinion in *Sprint Nextel Corp. v. Middle Man, Inc.*[21] In that case, the court declined to consider a declaratory judgment claim regarding the use of plaintiff's trademarks because defendants had already asserted an affirmative defense that was as broad as the

---

[20] *See MGM Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1226 (C.D. Cal. 2003); *FDIC v. Bancinsure, Inc.*, 770 F. Supp. 496, 500 (D. Minn. 1991); *Lee Park Lane Togs, Inc.*, 81 F. Supp. 853, 854 (S.D.N.Y. 1948).

[21] No. 12-2159-JTM, 2013 WL 1197137, at *2 (D. Kan. Mar. 25, 2013).

declaratory judgment sought.[22] The opinion illustrates that a court may refuse to entertain a declaratory judgment claim on issues already asserted through affirmative defenses, but it does not suggest that the court is required to do so. A party opposing amendment on the ground of futility must show more than a possibility that a claim would not withstand a motion to dismiss; it must be established that the claim would be dismissed.[23] Because the Shields have failed to demonstrate that Neonatal's patent invalidity claim would be subject to dismissal, the court will not bar the claim on the basis of futility.

### B. Undue Delay

The Shields do not expressly oppose Neonatal's motion on the ground of undue delay. However, they state that all of the factual allegations that form the basis for the patent invalidity claim were known to Neonatal when it filed this lawsuit. They contend that because this claim could have been asserted nearly a year-and-a-half ago, the court should deny leave to amend. The Shields are correct that the court may properly deny leave to amend if the movant was or should have been aware for some time of the facts upon which the amendment is based.[24] However, the Tenth Circuit has also directed that when considering whether a party has unduly delayed, the court should focus primarily on the reason for the delay.[25]

---

[22] *Id.* at *2.

[23] *See Mars v. Novartis Pharm. Corp.*, No. 11–2555–RDR, 2012 WL 1288729, at *3 (D. Kan. Apr. 16, 2012) (finding the party opposing an amendment had not shown futility when courts had taken differing positions about whether punitive damages were available under New Jersey law in a pharmaceutical products liability action).

[24] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Furthermore, where a party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (internal quotations omitted).

[25] *Minter*, 451 F.3d at 1206.

The Shields' argument overlooks the fact that Neonatal did in fact assert the patent invalidity claim from the outset. The district judge dismissed the claim on November 26, 2014, but contemplated that Neonatal could attempt to amend. Subsequently, the court entered a Scheduling Order (ECF No. 40) that provided a deadline of March 20, 2015, for motions for leave to amend the pleadings. Neonatal filed its motion within that time period. In short, the court raised the issue of a possible amendment and provided a deadline for the amendment. Neonatal has complied with those directives. The court is unaware of any case from this district in which a judge found a party had unduly delayed when it moved to amend within the time period established by the scheduling order. Because the Shields have not demonstrated that Neonatal unduly delayed in seeking leave to amend, the court will not bar the claim on this basis.

For the foregoing reasons, the court grants Neonatal's motion for leave to amend its complaint. By **May 6, 2015,** Neonatal shall file its Amended Complaint (ECF No. 44-2) as a separate docket entry in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that Neonatal Product Group's Motion for Leave to Amend Complaint (ECF No. 43) is granted.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge